UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHLAND COMMUNICATIONS CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MTV NETWORKS, <br><br> Defendant. | CASE NO.  C05-0796RSM <br><br> ORDER DENYING DEFENDANT'S MOTION FOR BENCH TRIAL |

## **I.  INTRODUCTION**

This matter comes before the Court on defendant's Motion to Set Case for Bench Trial. (Dkt. #19).  Defendant argues that plaintiff has failed to make a proper and timely jury demand, and therefore, this case should not have been set for trial by jury.  Plaintiff opposes the motion, essentially arguing that despite any alleged procedural errors, both the Court and defendant were on notice that a jury was being demanded, and therefore, the case should proceed to trial by jury.

For the reasons set forth below, the Court agrees with plaintiff and DENIES defendant's motion for bench trial.

ORDER
PAGE - 1

## II.  DISCUSSION

**A.  Background**

Plaintiffs, Northland Communications Corporation, Northland Cable Television, Inc., and Northland Cable Networks LLC (collectively "Northland"), commenced the instant lawsuit against defendant MTV Networks ("MTVN") in King County Superior Court on March 25, 2005. (*See* Dkt. #1, Ex. A). Defendant removed the case to this Court on April 27, 2005. (Dkt. #1).

Shortly thereafter, the parties held a conference as required by the Court's Order Regarding Initial Disclosures, Joint Status Report and Early Settlement. (*See* Dkt. #7). Plaintiffs assert that during that conference they orally informed opposing counsel that they wanted a jury trial. Defendants assert that plaintiffs' counsel stated he intended to file a jury demand. Regardless of semantics, plaintiffs made clear that their preferred method of trying the case is trial by jury.

When the parties' submitted their joint status report to this Court, the parties stated that "a jury will be demanded" in response to the Court's question whether the case would be tried by jury or judge. Plaintiffs apparently wanted to answer that question with the word "jury," but defendants suggested the language actually used. Plaintiffs assert that they believed defendants' suggested language conveyed the same meaning. The Court subsequently scheduled the case for a jury trial.

Besides the language submitted in the Joint Status Report, no other jury demand has ever been submitted to the Court or opposing counsel. Therefore, defendant argues that plaintiffs failed to comply with both the Federal Rules of Civil Procedure, and this Court's Local Rules, and they have waived their right to a jury trial. As a result, defendant now moves this Court to reschedule the trial as a bench trial.

ORDER
PAGE - 2

**B.  Right to Jury Trial**

Under Rule 38 of the Federal Rules of Civil Procedure any party may demand a trial by jury. The Rule explains:

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to the issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
> . . .
>
> The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Fed. R. Civ. P. 38(b) and (d). Similarly, the Court's Local Rules states:

> Where jury trial is demanded in or by endorsement upon a pleading as permitted by Rule 38 of the Federal Rules of Civil Procedure, the words "JURY DEMAND" shall be typed in capital letters on the first page immediately below the name of the pleading to the right of the name of the cause.

Local Rule CR 38(b). In the instant case, the parties do not dispute that neither of the procedures set forth in these rules were followed.

Instead, plaintiff argues that this Court should not elevate form over function. Plaintiffs assert that because both the Court and opposing counsel were aware that they wanted a jury trial, they have not waived that right. The Court agrees.

The Ninth Circuit Court of Appeals has continuously instructed that "we 'indulge every reasonable presumption against waiver' of the jury trial right, and therefore accept jury demands that fall far short of the ideal." *Lutz v. Glendale Union High Sch., Dist. No. 205*, 403 F.3d 1061, 1064 (9th Cir. 2005) (citations omitted). However, the Court of Appeals insists that

> the jury demand be sufficiently clear to alert a careful reader that a jury trial is requested on an issue. This approach allows a great deal of flexibility in how the request is made, and so comports with our presumption against waiver, while still recognizing that the purpose of Rule 38's demand requirement is to 'inform the Court and counsel well in advance of trial as to

ORDER
PAGE - 3

the trial method desired.'

*Id.* at 1064-65 (citations omitted).

Here, while plaintiffs may have committed a procedural error by providing their only jury request in the Joint Status Report, that language was sufficient to alert the Court of the trial method desired. Furthermore, defendant was certainly aware of plaintiffs' desire for jury trial as early as the date it was required to participate in a conference with plaintiff's counsel prior to submitting the Joint Status Report to this Court. Trial is still six months away. Accordingly, the Court finds that plaintiffs' jury demand was sufficient.

### III. CONCLUSION

Having reviewed defendant's motion (Dkt. #19), plaintiff's opposition (Dkt. #26), defendant's reply (Dkt. #28), and the remainder of the record, the Court hereby ORDERS that defendant's Motion for Bench Trial (Dkt. #19) is DENIED.

DATED this _6_ day of March 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE